**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**


**MARGARET ANN FENDER BELCHER,**
**As Trustee and Executor of**
**THE ESTATE OF RAY K. BELCHER,**

     **Plaintiff,**

**v.**                                                          **CASE NO.: 8:10-cv-02898-23AEP**

**A & M Business Properties, Inc.,**
**An Ohio corporation,**

     **Defendant.**

_____/

**ORDER**

This cause is before the Court on Defendant A & M Business Properties, Inc.'s Objection

to Plaintiff's Notice of Intent to Issue Subpoena for Documents without Deposition ("Def.'s Obj.")

(Dkt. No. 38), filed in response to a third-party subpoena served by Plaintiff Margaret Ann Fender

Belcher on the United States Department of Agriculture ("USDA") (Dkt. No. 38).  For the reasons

that follow, Defendant's Objection, construed as a motion to quash,[1] is DENIED.

**I.    Background**

This action arises from Plaintiff's complaint against Defendant for breach of a guaranty.

(Dkt. No. 1.)   By stipulation of the parties, final judgment was entered in favor of Plaintiff and

against Defendant on September 26, 2011. (Dkt. No. 24.)  Plaintiff's executable judgment remains

outstanding and the parties are engaged in post-judgment discovery.  (Dkt. No. 36.)

_____

[1] Defendant's original petition was filed as an objection and was subsequently stricken.
The new motion was filed on CM/ECF as a motion to quash, but retains the heading "Objection."
(*See* Dkt. Nos. 37-38.)

At issue is Plaintiff's proposed subpoena on a nonparty, the USDA.  On or about June 22, 2015, Plaintiff sent Defendant notice of intent to issue a subpoena to the USDA.  Def.'s Obj. 1. Plaintiff's subpoena on the USDA seeks production of:

> 1. complete copies of all contracts with A&M which have been in force or effect at any time in the past 5 years; 2. copies of any amendments or modifications to the contracts described in #1; 3. records of all payments to, or for the benefit of, A&M in the past 5 years; 4. contracts with Phoenix Commercial Property Managements Co., Inc. (believed to fill the same role as A&M . . . .); 5. records of payments to Phoenix Commercial Property Management Co, Inc. in the past 5 years; 6. all correspondence, or records reflecting communications, with or regarding, A&M or Phoenix Commercial Property Management Co, Inc.; 7. records of any payments expected to be made to A&M or to Phoenix Commercial Property Management in the coming 12 months.

Def.'s Obj., Ex. A.  The USDA did not object to Plaintiff's subpoena.  Defendant, however, objects to the issuance of the subpoena by maintaining that the proposed subpoena exceeds geographical limits prescribed by law, inquires about non-discoverable information, engages in a fishing expedition with no basis to believe that relevant or admissible information would be obtained, and interferes with the established relationships between Defendant's affiliates and owners and the USDA.  Def.'s Obj. 5.  Plaintiff did not respond to Defendant's Objection.

## II.    Discussion

### A.    Defendant Lacks Standing to Raise its Objections Under Rule 45

As an initial matter, despite the designation accorded to Defendant's filing on CM/ECF, Defendant does not expressly move to quash the subpoena at any time throughout its Objection. However, Defendant does state that "the proposed subpoena is improper and should not be issued" because the subpoena commands production beyond geographical limits designated by Rule 45 of the Federal Rules of Civil Procedure.  Def.'s Obj. 3. Therefore, the Court construes Defendant's Objection as a motion to quash.

Rule 45 of the Federal Rules of Civil Procedure governs the issuance of subpoenas duces tecum for the production of documents from a nonparty.  Pursuant to Rule 45, a Court shall quash a subpoena if it "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden."  Fed. R. Civ. P. 45(d)(3)(A)(i)-(iv).  Defendant, as the party moving to quash, bears the burden of establishing at least one of the requirements of Rule 45(d)(3).  *See Indep. Mktg. Group, Inc. v. Keen*, No. 3:11-cv-447-J-25MCR, 2012 WL 512948, at *2 (M.D. Fla. Feb. 16, 2012). Because Defendant is not the recipient of the subpoena, however, it only has standing to challenge the subpoena under Rule 45 if a "personal right or privilege" is at issue.  *See Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979); *Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D.  Fla. 2005); *see also Westernbank Puerto Rico v. Kachkar*, 2008 WL 564614, at *1 (S.D. Fla. Feb. 28, 2008) ("[A]bsent a privilege, personal interest, or proprietary interest, [a party] has no standing to seek to quash, under Federal Rule of Civil Procedure ('Rule')  45, a subpoena issued to a nonparty.").

Here, Defendant does not appear to assert a personal right or privilege at issue in the documents sought by Plaintiff's proposed subpoena on the USDA.  To the extent Defendant does argue that the subject subpoena would injure business relationships between it, its owners, affiliated entities and the USDA, Defendant cites no authority indicating such an interest qualifies as a personal right or privilege, nor is the Court aware of any such authority.

Accordingly, Defendant lacks standing to move to quash under Rule 45.  As noted above, Defendant avers that the subpoena improperly commands production beyond the geographical limits imposed by Federal Rule of Civil Procedure 45(c)(2)(A).  Def.'s Obj. 2.  Rule 45(c)(2)(A)

provides that a subpoena may command "production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person . . . ." Fed. R. Civ. P. 45(c)(2)(A).  Defendant argues that since the USDA office is located more than 300 miles from the production location, the subpoena is improper.  Def.'s Obj. 2.  Because Defendant lacks standing to quash the subpoenas on this ground, Defendants motion in this regard is due to be denied.

### B.      Defendant's Additional Objections Are Without Merit

Defendant also challenges the relevancy of the documents sought in Plaintiff's proposed subpoena, arguing that the subpoena improperly inquires into non-discoverable information, engages in a fishing expedition without a basis to believe that relevant or admissible information would be obtained, and interferes with the established relationships between Defendant's affiliates and owners and the USDA.  Def.'s Obj. 5.  As a party, Defendant has standing under Rule 26 "to move for a protective order if the subpoenas seek irrelevant information." *See Auto-Owners Ins. Co*, 231 F.R.D. at 429.  Although Rule 45 does not explicitly include relevance as a reason for challenging a subpoena, Rule 26 allows parties to obtain "discovery regarding any non-privileged matter that is relevant to any party's claim or defense . . . . Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).  Additionally, courts have held that "the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26." *Barrington v. Mortage IT, Inc.*, 2007 WL 4370647, at *3 (S.D. Fla. Dec. 10, 2007).

As detailed above, however, Defendant does not have standing to raise such objections under Rule 45.  And, even if the Court were to elect to construe Defendant's relevancy and annoyance objections as a motion for a protective order with proper standing under Rule 26, *see*

*Auto-Owners Ins. Co*, 231 F.R.D. at 429; s*ee also Farnsworth v. Proctor & Gamble Co.*, 758 F.2d 1545, 1548 (11th Cir. 1985), such objections are without merit.

When a discovery request appears relevant on its face, as it does in this case, the objecting party has the burden to show that the requested discovery is not relevant. *See U.S. v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978); *see also Malibu Media, LLC v. John Does 1-35*, 2012 WL 4513050, \*4 (M.D. Fla. August 15, 2012). While Rule 26 is not an unlimited license for fishing expeditions, the term "relevant" should be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that bears on, any issue that is or may be in the case." *Alig-Mielcarek v. Jackson*, 286 F.R.D. 521, 525 (N.D. Ga. 2012); *see also Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).  However, "discovery of matter 'not reasonably calculated to lead to discovery of admissible evidence' is not within the scope of Rule 26(b)(1)." *Oppenheimer Fund, Inc*., 437 U.S. at 351.  Additionally, "[t]he court, may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ."  Fed. R. Civ. P. 26(c)(1).  The term "good cause" has been defined as a "sound basis or legitimate need to take judicial action."  *In Re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987).  A moving-party's showing "contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements."  *Garrett*, 571 F.2d at 1326 n.3; *Auto-Owners Ins.*, 231 F.R.D. at 429.

Upon review of Defendant's memorandum and the subject subpoena rider, the Court does not find Defendant's relevancy objections to warrant entry of a protective order, particularly in light of the fact that Plaintiff's subpoena seeks information in aid of execution of judgment. Moreover, the balance of Defendant's assertions are difficult to decipher and rely heavily on conclusory statements.  Defendant has thus failed provide the Court with a particular and specific

demonstration of facts sufficient to carry Defendant's burden to show good cause. *See Garrett*,

571 F.2d at 1326 n.3.

### III.   Conclusion

Accordingly for the reasons stated above, it is hereby

ORDERED:

1.  Defendant's Objection (Dkt. No. 38) is DENIED in all respects.


**DONE AND ORDERED** at Tampa, Florida this 27th day of July, 2015.


ANTHONY E. PORCELLI
United States Magistrate Judge


Copies furnished to:
Counsel of Record

6